Tucker, P.
I am of opinion, that this judgment is erroneous.
The plea to the action was of a matter of record, and the plaintiffs’ replication was nul tiel record. The matter pleaded was an order of Greenesville county court; and it would seem that the record itself and not an exemplification of it was produced in support of the plea. The entry in the minute book of the county court, was in this form [here the judge stated the entry of the 6th June 1831]. A bond was also produced, executed by *104 Williamson the administrator and Joel Mayes, which is in the form prescribed by the statute, where, instead of counter security, a new bond is required to be given. But it no wise appears, that this bond was part of the recol’d> nor does the minute state that the bond was entered into at all, much more, that it was entered into before the court, as is usual in such cases. Such being the state of the case, it devolves upon us to enquire, ■whether this minute could be extended into the form set forth in the plea ? For such is the character of the proceedings of the county courts and such often the looseness of their entries, that we are, on the one hand, compelled to look to the short entry or minute as the true record, and, on the other, to consider it as if expanded into that form which the minute will justify. In this case, then, there must be enough in the minute itself, aided by the papers in the cause, if there were any, to authorize its expansion into the form set forth in the plea; or the replication of nul tiel record must be sustained. We are not at liberty to guess or infer ourselves, nor would the clerk have been at liberty to have supplied any thing by his recollection; for if this were permitted, then upon his death or removal, his successor would be disabled to make up the record rightly.
If this proposition be true, the evidence produced shews no such record of Greenesville county court as is described in the plea. The minute was of a motion ; the plea sets forth a petition alleging various matters. The motion was for counter security ; the plea sets forth a petition, in general terms, for relief. The motion was against George M. Williamson's administrator (without naming him); the plea recites a petition setting forth, ■that the petitioner was bound for Jesse Williamson, administrator &c. The record states, that the defendant appeared and tendered security, but does not set forth any bond either required or given; the plea states, that ■Williamson was required to give a neio bond, which he *105 did accordingly with Mayes as surety, in open court, and which bond was executed and conditioned as the law directs. The record states, that it was ordered that Gowing be dismissed from further securityship; the plea states no such thing, as forming part of the judgment, but alleges the discharge of all the sureties, as arising from operation of law. These variances are, I think, fatal to the plea.
If there was a petition, why was it not produced ? If there was none, was there any thing in the minute, to justify the allegation of the plea that there was one ? If there was an order requiring a new bond, where is it ? If there was none, is there any thing in the minute from whence it can be seen that a new bond, and not a counter bond, was required ? If it was a counter bond, then the plaintiffs’ action is not affected by it. Now, can we infer from the entry, that the “defendant appeared and tendered security,” that the bond, if given, was not a counter bond ? Nay more: Are we justified in inferring, that any bond was given, merely because security was tendered ? Do we see, that it was even accepted ? It was said, this might fairly have been inferred from the entry, that Gowing should be dismissed from further securityship. But, besides that this is no part of the record as set forth in the plea, and that it was moreover unnecessary, it seems to me to be going too far to infer the execution of a bond from this loose expression. It was argued, however, that the bond of June 6. 1831 is part of the record, and that from that all else may be inferred. I cannot think the bond a part of the record. Nothing is said of a bond in the minute ; and whether there was one or not, could only be supplied by the recollection of the clerk, or the testimony of witnesses; neither of which could make it a record.
I am therefore of opinion that the plaintiffs should have had judgment. Nor will the defendants be without redress; since they may, I presume, seek indemnity *106 by a suit on the bond of the 6th June 1831, in which Mayes was bound as surety for Williamson’s faithful administration of his intestate’s estate.
Brooke, Cabell and Stanard, J. concurred with the president, that the judgment should be reversed, and judgment entered for the plaintiffs.